UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Z.B., a minor, by and through his mother, Sylvia Sanchez,<br>    Plaintiff<br>v.<br>THE DISTRICT OF COLUMBIA, *et al.*,<br>    Defendants | Civil Action No. 18-87 (CKK) |

**MEMORANDUM OPINION**
(February 16, 2018)

This case is about a disagreement over which school a child with autism should attend. That child, Z.B., is currently attending the nonpublic Kingsbury Day School, but District of Columbia Public Schools ("DCPS") has determined that the proper location of service to implement Z.B.'s Individualized Education Program ("IEP") is another nonpublic school, Kennedy Krieger. Plaintiff has filed this lawsuit seeking an order that Z.B. remain at Kingsbury Day School at public expense. After filing suit, Plaintiff filed the currently pending [9] Motion for Preliminary Injunction to Compel Stay-Put under the Individuals with Disabilities Education Act ("IDEA"). In summary form, Plaintiff's motion seeks to take advantage of a provision of the IDEA which allows a child with disabilities, under certain circumstances, to remain in his or her current educational placement while the appropriateness of a proposed change is litigated.

Having carefully reviewed the administrative record, the pleadings,[1] and the relevant authorities, the Court determines that Plaintiff is not entitled to a stay-put injunction because

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Mot. for Preliminary Injunction to Compel Stay-Put under the Individuals with Disabilities Education Act, ECF No. 9 ("Pl.'s Mot.");
- Def.'s Opp'n to Pl.'s Mot. for Preliminary Injunction to Compel Stay-Put under the Individuals with Disabilities Education Act, ECF No. 13 ("Defs.' Opp'n");
- Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Preliminary Injunction to Compel

1

Plaintiff is not challenging a fundamental change to Z.B.'s current educational placement. Plaintiff's Motion for Preliminary Injunction to Compel Stay-Put is therefore **DENIED**. By separate Order, the Court will instruct the parties to meet and confer and propose a schedule for briefing dispositive motions in this matter.

## I. BACKGROUND

**A. Statutory Background**

The IDEA was enacted to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). Once a child is identified as disabled, the school district within which the child resides must convene a meeting of a multidisciplinary team to develop an IEP for the student. *See* § 1414. "The IEP is in brief a comprehensive statement of the educational needs of a handicapped child and the specially designed instruction and related services to be employed to meet those needs." *Leonard v. McKenzie,* 869 F.2d 1558, 1560 n.1 (D.C. Cir. 1989) (quoting *Sch. Comm. of the Town of Burlington v. Dept. of Educ.,* 471 U.S. 359, 368 (1985)). As such, it represents the "*modus operandi*" of the IDEA. *Id.* The IEP must be formulated in accordance with the terms of the IDEA and "should be reasonably calculated to enable the child to achieve passing marks and advance from grade to grade." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 204 (1982). Once the IEP is

---

Stay-Put under the Individuals with Disabilities Education Act, ECF No. 15 ("Pl.'s Reply").
  The Court has also reviewed the administrative record submitted by Defendants. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

developed, the school system must provide an appropriate educational placement that comports with the IEP.  *See Alston v. District of Columbia,* 439 F.Supp.2d 86, 90 (D.D.C.2006).  "If no suitable public school is available, the school system must pay the costs of sending the child to an appropriate private school."  *Reid ex rel. Reid v. District of Columbia,* 401 F.3d 516, 519 (D.C. Cir. 2005) (citation and internal editing omitted).

If the parent of a child receiving services pursuant to the IDEA believes his or her child's IEP or school placement is inadequate, the parent may file a "due process complaint."  *E.g.*, 20 U.S.C. § 1415(b)(7)(A).  The IDEA further provides that

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

*Id.* § 1415(j). Known as the "stay-put provision," this section mandates that once a parent files a due process complaint, "the child shall remain in the interim alternative educational setting pending the decision of the hearing officer . . . unless the parent and the State or local educational agency agree otherwise." *Id.* § 1415(k)(4). A party seeking a stay-put injunction "must identify, at a minimum, a fundamental change in, or elimination of a basic element of the education program in order for the change to qualify as a change in educational placement." *Lunceford v. D.C. Bd. of Educ.,* 745 F.2d 1577, 1582 (D.C. Cir. 1984).

**B. Factual Background**

Plaintiff Z.B. has been identified as a High Function Student on the Autism Spectrum. *See* Am. Compl., ECF No. 3, ¶ 5.  Z.B. is thirteen years old and currently enrolled in the 8th grade at Kingsbury Day School, a nonpublic school in Washington D.C.  *Id.*  Z.B.'s October 12,

3

2016 IEP notes that, among other things, Z.B. requires a small class size with a low student-to-teacher ratio, individualized instruction, and counseling for behavioral and social issues. *Id.* ¶ 29. That IEP currently provides for Z.B. to have 26 hours per week of "specialized instruction" outside the general education setting, 480 minutes per month of occupational therapy services outside the general education setting, 360 minutes per month of physical therapy services outside the general education setting, 240 minutes per month of speech-language pathology services outside the general education setting, and 360 minutes per month of behavioral support services outside the general education setting, in a normal school year. *Id.* ¶ 28.

On April 14, 2017, DCPS sent Plaintiff a document entitled "Prior Written Notice – Intent to Discuss Change in Placement," which proposed meeting to discuss moving Z.B. from Kingsbury Day School to a different placement for the 2017-18 school year. *Id.* ¶ 31. Between April and June 2017, Defendant allegedly attempted to persuade Plaintiff Sanchez to allow Z.B. to visit other nonpublic schools that Z.B. might attend, but Plaintiff did not agree with Z.B. changing schools because she contended that the alternatives were not able to implement Z.B.'s IEP, and because of the distance between those schools and Plaintiff's home. *Id.* ¶ 34.

On July 11, 2017, DCPS submitted a referral for Z.B. to the nonpublic school Kennedy Krieger. *Id.* ¶ 36. On August 7, 2017, Z.B. was accepted into Kennedy Krieger with an 11-month program, including: 30 hours per week of classroom instruction during the school year, 22 hours per week of classroom instruction during the summer, 240 minutes per month of direct speech and language therapy, 480 minutes per month of direct occupational therapy, 360 minutes per month of direct behavioral support services, and 360 minutes per month of direct physical therapy services, and daily transportation. *Id.* ¶ 37.

On August 11, 2017, Plaintiff filed a due process complaint with the District of Columbia Office of the State Superintendent of Education to challenge DCPS's decision that Kennedy Krieger is now the proper location of services for Z.B.'s IEP. *Id.* ¶ 6. The Hearing Officer in that proceeding ultimately issued a determination that Plaintiff had not carried her burden. *Id.* ¶ 11. In pertinent part, the Hearing Officer concluded that Kennedy Krieger could implement Z.B.'s IEP, that the differences between Kingsbury Day School and Kennedy Krieger (*i.e.*, that Kennedy Krieger has a shorter bell schedule but provides services over a longer period) represented only a "minor discrepancy in services," and that Z.B.'s move to Kennedy Krieger would therefore be "a change in service locations rather than a change in placement." AR15-16.

Plaintiff now brings this lawsuit under the IDEA, the Rehabilitation Act of 1973, and the District of Columbia Human Rights Act, with the aim of keeping Z.B. at Kingsbury Day School.[2] Am. Compl. ¶ 1. On February 1, 2018, Plaintiff filed the pending Motion for Preliminary Injunction, which seeks a stay-put injunction under the IDEA. *See* Pl.'s Mot. The Court held a teleconference with the parties the next day to establish an agreed-upon briefing schedule. The motion is now fully briefed and ripe for resolution.

## II. DISCUSSION

Without making any ruling on the ultimate merits of Plaintiff's claims in this case, the Court finds that Plaintiff is not entitled to a preliminary injunction under the "stay-put" provision of the IDEA. "Because the 'stay put' provision imposes an automatic statutory injunction, the traditional four-part test for an injunction does not apply." *D.K. ex rel. Klein v. D.C.*, 962 F.

---

[2] Plaintiff's claims under the Rehabilitation Act of 1973 and the District of Columbia Human Rights Act are not relevant to the currently-pending motion. Defendants have indicated that they intend to move to dismiss those claims. *See* Defs.' Opp'n at 17 n.7. The parties shall meet and confer before any such motion is filed.

5

Supp. 2d 227, 232 (D.D.C. 2013); *see also G.B. v. D.C.*, 78 F. Supp. 3d 109, 113 (D.D.C. 2015) (same).[3] Instead, the Court must simply determine whether the proposed transfer to Kennedy Krieger school would represent a "fundamental change" to Z.B.'s "then-current educational placement" at the time Z.B.'s due process complaint was filed. *See G.B.*, 78 F. Supp. 3d at 113.

Plaintiff argues that the proposed transfer of Z.B. to Kennedy Krieger school triggers the stay-put provision because Kennedy Krieger has a slightly shorter bell schedule than Kingsbury Day School, Kennedy Krieger's school year is one month longer than Kingsbury Day School's, Kennedy Krieger is further away from Z.B.'s home than Kingsbury Day School, and because Z.B. responds negatively to changes in his routine. *See* Pl.'s Mot. at 14-15.

Without in any way minimizing Plaintiff's concerns about changes to Z.B.'s education, the Court is not persuaded that these differences between the schools are significant enough to justify the injunction Plaintiff seeks. As an initial matter, it is important to note that Z.B.'s placement at Kingsbury Day School alone is not Z.B.'s "then-current educational placement" for the purpose of the Court's stay-put analysis. *See D.K.*, 962 F. Supp. 2d at 233 ("The physical school location alone does not constitute an 'educational placement.'"); *Johnson v. D.C.*, 839 F. Supp. 2d 173, 177 (D.D.C. 2012) ("The fundamental flaw in Plaintiffs' argument is the underlying assumption that M.J.'s 'educational placement' is the physical school he attends."). Although the IDEA does not define "then-current educational placement," "courts have explained that a child's educational placement 'falls somewhere between the physical school attended by a child and the abstract goals of a child's IEP.'" *Johnson*, 839 F. Supp. 2d at 176-77

---

[3] Accordingly, the Court has not focused on the arguments about the traditional four-part test in Defendants' opposition to Plaintiff's motion. *See* Defs.' Opp'n at 16-18. Both parties agree that that test does not apply. *See* Defs.' Opp'n at 17; Pl.'s Reply at 4.

(quoting *Bd. of Educ. of Cmty. High Sch. Dist. No. 218, Cook Cnty., Ill. v. Ill. State Bd. of Educ.,* 103 F.3d 545, 548 (7th Cir.1996)).

Accordingly, the Court's focus is not on the particular school location DCPS has proposed for Z.B., but instead on whether the educational services Z.B. would receive at that school are basically the same as those envisioned in his IEP and that he is currently receiving. As the D.C. Circuit has held, Plaintiff "must identify, at a minimum, a fundamental change in, or elimination of a basic element of the education program in order for the change to qualify as a change in educational placement." *Lunceford,* 745 F.2d at 1582.

Despite the complaints Plaintiff has about Kennedy Krieger's location and schedule, the record suggests that the educational services Z.B. would receive at that school are not significantly different than the education Z.B. currently receives at Kingsbury Day School. Both are nonpublic schools at which Z.B. would receive speech and language therapy, occupational therapy, behavioral support services and physical therapy services outside of the general education setting. *Compare* AR287 *with* AR304. The record before the Court contains testimony from Kennedy Krieger officials and the determination of the Hearing Officer that Kennedy Krieger is able to implement Z.B.'s current IEP. *See* AR12 (finding that Kennedy Krieger "can provide the services listed on [Z.B.'s] IEP"); AR16 (same); AR901 (testimony from Kennedy Krieger official that the school can implement Z.B.'s IEP).[4] Under these circumstances, the Court is not convinced that the proposed change of schools constitutes a change in educational placement.

---

[4] Without making any final ruling on the issue, it appears that, if anything, it is Kingsbury Day School that may have been having difficulty implementing Z.B.'s IEP recently. *See* AR16 (citing "the reasonable concerns DCPS continued to have about [Kingsbury Day School's] appropriateness to meet [Z.B.'s] needs"); *id.* (noting that an independent education consultant determined that Kingsbury Day School "was not appropriate for" Z.B.).

Plaintiff is correct that the educational services that Z.B. is intended to receive at Kingsbury Day School (which are reflected on his IEP) are not *exactly* the same as those Z.B. would receive at Kennedy Krieger. Primarily, Plaintiff's complaint about Kennedy Krieger is that it has a one-month longer school year (and therefore a shorter summer vacation) and a slightly shorter bell schedule than Kingsbury Day School. These differences between the schools are not fundamental enough to allow Plaintiff to invoke the "stay-put" provision. The schools simply take a slightly different approach to scheduling: While it is true that Kennedy Krieger's bell schedule (30 hours per week) is two hours shorter than Kingsbury Day School's (32 hours per week), this difference is due to the fact that Kennedy Krieger's school year (11 months) is longer than Kingsbury Day School's school year (10 months). AR12-13, 15. Kennedy Krieger apparently believes that its students benefit from this schedule adjustment because they "need a great deal of support and maintaining their structure is important for them." *Id.* The Hearing Officer determined, and the Court preliminarily agrees, that the fact that the "schools structure their weeks differently, resulting in a different bell schedule," represents only a "minor discrepancy in services." AR15.

Relatedly, Plaintiff argues that a stay-put injunction is warranted here because at Kennedy Krieger Z.B. would receive slightly fewer weekly hours of "specialized instruction" during the school year than the amount listed on his IEP. This change is merely derivative of the differences in the school's bell schedules that the Court has already discussed above, and determined does not constitute a fundamental change to Z.B.'s educational placement. "Specialized instruction" in this context apparently refers to the instruction Z.B. receives at all times during the school day except when Z.B. is receiving particular services required by his IEP (*i.e.*, occupational therapy, physical therapy, speech-language pathology and behavioral support

8

services). AR1101-03. The number of "specialized instruction" hours on Z.B.'s IEP was derived by simply subtracting the time set for those specific types of services Z.B. was determined to need from the total bell schedule of Z.B.'s school (at that point, Kingsbury Day School). *Id.* The testimony in the record before the Court is that the difference in the bell schedules, and the resulting difference in "specialized instruction" hours, does not mean that Kennedy Krieger cannot fulfill Z.B.'s IEP. *Id.*; *see also* AR12 (finding that Kennedy Krieger "can provide the services listed on [Z.B.'s] IEP"); AR16 (same); AR901 (testimony from Kennedy Krieger official that the school can implement Z.B.'s IEP).

Finally, Plaintiff's concerns regarding the difficulty Z.B. might have transitioning between schools, and the extra distance Z.B. would have to travel to reach Kennedy Krieger—while by no means inconsequential—are not sufficient to demonstrate a "fundamental" change in Z.B.'s educational program.[5] As Plaintiff Sanchez concedes, she herself has sought to change Z.B.'s location of service from Kingsbury Day School in the past. *See* Am. Compl. ¶ 14. And the extra commute distance that would be required for Z.B. to attend Kennedy Krieger (approximately 10 miles), while not negligible, is also not so substantial that it would have a fundamental impact on Z.B.'s educational program or experience. *See DeLeon v. Susquehanna Cmty. Sch. Dist.*, 747 F.2d 149, 154 (3d Cir. 1984) (holding that "[m]inor changes in the daily transportation routine . . . will not generally have such an impact on the child's learning experience" to justify a stay-put injunction).

---

[5] Plaintiff indicates that by regulation the IDEA requires that a child's placement be as close as possible to the child's home. *See* Pl.'s Mot. at 14; Pl.'s Reply at 6. The Court views this argument as relating more to the merits of Plaintiff's complaint about the proposed change, not to whether a stay-put injunction is warranted because a fundamental change to Z.B.'s current educational placement has been proposed.

9

Because it appears that both Kingsbury Day School and Kennedy Krieger can implement Z.B.'s IEP and provide basically the same educational services, DCPS has not proposed a fundamental change to Z.B.'s then-current educational placement. *See D.K.*, 962 F. Supp. 2d at 233 (holding that "a transfer from [one school] to [another] does not constitute a change in 'educational placement,' and the 'stay put' provision does not apply" because "[a]s relevant to the requirements of [the student's] IEP, [both schools] are the same."). A stay-put injunction is accordingly not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not demonstrated that DCPS's determination that Kennedy Krieger is the appropriate location of services for Z.B. constitutes a "fundamental change" to Z.B.'s "then-current educational placement." Accordingly, the Court will **DENY** Plaintiff's Motion for Preliminary Injunction to Compel Stay-Put. An appropriate Order accompanies this Memorandum Opinion, which sets forth dates for moving forward with this litigation. However, the Court encourages the parties to consider ways to work together to resolve this sensitive dispute without further litigation.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge